LITTLE FALLS ELECTRIC & WATER CO. v. CITY OF LITTLE FALLS et al.

(Circuit Court, D. Minnesota, Fourth Division.    June 16, 1900.)

1. MUNICIPAL CORPORATIONS—CONTRACTS FOR WATER AND LIGHTS.
    Contracts by the authorities of a municipality for water and lights to be furnished to the municipality and its inhabitants are not made in the exercise of the governmental powers of the municipality, but of its proprietary or business powers, and are governed by the rules applicable to contracts made by individuals or business corporations.    Such a contract, when fairly made, without fraud or imposition on the part of the other party, or misconduct or bad faith on the part of the officers acting on behalf of the municipality, and which was not unreasonable in its terms when made, cannot be repudiated by the municipality after the other party has expended money in the building of works in reliance thereon, and so long as such party complies with its provisions.

2. SAME—VALIDITY OF CONTRACTS—LENGTH OF TERM.
    Thirty years is not such an unreasonable length of time for the running of a contract for supplying a city or village with water as will entitle the municipality to avoid it on that ground, where it involves the erection and maintenance of an expensive plant by the other party.

3. CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACTS—CITY ORDINANCES.
    A city council, having power to contract for the supplying of water and lights to the city and its inhabitants, may also grant such franchises for the use of the streets as are necessary or convenient for the construction and maintenance of the necessary works and appliances for furnishing such supplies; and such a grant, when accepted and acted upon by the grantee, constitutes a contract protected by the constitution of the United States from impairment by state legislation.    Ordinances or resolutions passed by the city council under its delegated legislative powers, attempting to annul the contract and repeal the grant, are within the constitutional inhibition, and invalid.

4. MUNICIPAL CORPORATIONS—CONSTRUCTION OF WATER OR LIGHT PLANTS—INJUNCTION.
    Water or light companies having contracts with a city and grants of franchises, neither of which are exclusive, are not entitled to an injunction to restrain the city from constructing plants of its own for supplying water or lights for municipal purposes only, where it does not appear

that the operation of such plants will necessarily interfere with the contract rights of such companies.

**In Equity.** Suit to enjoin the enforcement of ordinances passed by defendant city alleged to impair the obligation of contracts between the city and complainant, and for the enforcement of such contracts. On final hearing.

C. A. Lindbergh and Davis, Kellogg & Severance, for complainant. Calhoun & Bennett, for defendants.

LOCHREN, District Judge. Final hearing in this suit was had on March 27, 1900, upon the bill, answer, and the evidence taken in the cause. From the admissions in the answer, and from the evidence presented at the hearing, it appears that all the allegations of matters of fact contained in the bill are true as therein set forth. It was conceded by the defendants' counsel on the hearing that all the works and appliances constructed by the complainant, and constituting its water plant and electric lighting plant at the city of Little Falls, were efficient, and fully complied with all of the provisions, stipulations, and conditions of the contracts between the complainant and the defendant city under which these plants were erected and established, and that complainant has at all times performed its contracts and obligations as alleged in the complaint. Since the commencement of this suit the common council of said city has, by ordinance, granted to the complainant the right to continue and maintain its water main upon the bridge across the Mississippi river; so that the matters alleged in subdivision 8 of the bill need no longer be considered, excepting in so far as that paragraph may state matter of equitable jurisdiction existing at the time the suit was begun. As to the allegations of conspiracy and confederation to injure the credit of the complainant, and destroy the value of its property, an inspection of the ordinances and resolutions of the common council, commencing with the ordinance passed over the mayor's veto, April 4, 1896, assuming to abrogate and take away all the franchises and contract rights of the complainant, while refusing to pay for water and light received and used, shows a settled and persistent purpose, by unlawful means, to disable the complainant from carrying on its business, destroy its credit and the value of its property, and to coerce the complainant to sell its water and light plants to the city for the inadequate price offered. The acts of the defendant city and its officials admit of no other explanation.

The contracts under which the water and light plants were constructed and operated appear to be valid, and should be enforced. The village council, and subsequently that of the city, was authorized and empowered to contract for the construction of such plants, and for the supply of water and light for public uses, and had the right to grant the use of streets for such purposes. This is conceded, but it is claimed on the part of the defendants that the contracts were invalid because made for an unreasonable length of time, at rates to be paid which were unreasonably high. Contracts on the part of a municipality for the supply to the municipality and to its citizens of water and light are not made in the exercise of the governmental

powers vested in the municipal council, but of its proprietary or business powers. It is acting for the private benefit of itself and its inhabitants, and its contracts of that character are governed by the same rules that govern contracts of private individuals and corporations. Illinois Trust & Savings Bank v. City of Arkansas City, 22 C. C. A. 186, 76 Fed. 271, 34 L. R. A. 518, and cases cited.

There is in this case no allegation or pretense of any actual deception or fraud on the part of the complainant or its grantors in obtaining the franchises and contracts from the village or the city, or of misconduct or unfaithfulness on the part of the village or city councils in granting such franchises and entering into such contracts. It is charged that a larger number of lights and of hydrants than were necessary were contracted for; but that was a matter for the judgment and discretion of the councils who made the contracts, and the evidence shows that all have been used by the city, and the number of each has been voluntarily increased from time to time by subsequent councils. The defendants also claim that the rates to be paid by the city for water and lights are unreasonably high. This, again, was matter of contract and agreement. It does not appear that at the time these contracts were made any one else was willing to construct and operate such works at that place upon better terms, or to furnish water or lights at lower rates; and compared with rates obtained in other cities, as shown by the evidence, the rates in this instance, though liberal, do not appear to be unreasonable. The most serious contention of the defendants is that these contracts were invalid, as attempting to bind the city for an unreasonable length of time; and the holding of our state supreme court in Flynn v. Water Co., 74 Minn. 180, 77 N. W. 38, 78 N. W. 106, is relied upon as sustaining this contention in respect to the very contract for water supply now under consideration. That case does not hold that the municipality could not make such a contract for a term of 30 years, if favorable and reasonable in other respects, but that a contract for such a length of time, requiring the city to pay for between 35 and 40 per cent. more hydrants than its needs required, at 100 per cent. more than their value, as admitted by the demurrer in that case, was unreasonable and void. On reargument even this statement of the law is obscured and buried under a mass of superlatives. There is no doubt that such a contract as the demurrer admitted in that case would be void, as showing on its face that the council had either been grossly imposed upon or had acted in bad faith; and the length of time during which the city was to be bound by such admittedly outrageous stipulations, even if for 20 or 15 years, would be a very important element in the fraud. No authority is cited tending to sustain the proposition that 30 years is an unreasonable length of time for a contract to supply a city with water, and from the evidence adduced and cases cited on the hearing in this case it appears to be not an unusual length of time. Considerable investments of capital seek long terms. Thirty years is not an unusual length of time for the running of municipal bonds, where, after the periodical payment of interest, the whole capital invested is returned in cash at the maturity of the bonds. The capital invested in a water or light

plant is subject to hazards from the elements and other dangers, and is permanently expended, and no prudent person would make such an investment except upon a contract for a fairly long term of years. In the light of all the evidence in the case, it cannot be said that these contracts were unreasonable in respect to the time they were to run, or that they were not in every other respect honestly, intelligently, and fairly entered into, and as favorable for the city of Little Falls as that city could have obtained at the time they were made and entered into.

It follows from the foregoing that the ordinance a copy of which, marked "Exhibit A," is attached to the complainant's bill, as amended by the ordinance a copy of which, marked "Exhibit B," is also attached to said bill, both of which were duly accepted by W. M. Fuller and S. Stoll, named therein, were and are legal and valid, and vested in the said W. M. Fuller and S. Stoll, and their assigns, the rights, privileges, and franchises therein granted and set forth, and together with the resolution, a copy of which, marked "Exhibit F," is attached to said bill, constituted a valid and binding contract between the said city of Little Falls and said Fuller and Stoll, and their assigns, which rights, privileges, franchises, and contract rights were duly transferred to and vested in the complainant by the said Fuller and Stoll by the instrument a copy of which, marked "Exhibit D," is attached to said bill. As the complainant, within the time provided for in said ordinances, constructed, completed, and had in use the system of waterworks, in all things as specified in said ordinances, and to the satisfaction and acceptance of the council of said city, and has ever since complied in all things with said ordinances and said contracts, and all subsequent resolutions of said council set forth in said bill respecting additional hydrants and water service, the said city is obligated to pay therefor at the rates provided for by said ordinances and contracts, and the mutual obligations of the complainant and of said city will continue to the end of the term of 30 years fixed by said ordinances.

Similar conclusions follow in all respects from the facts shown in regard to complainant's electric light plant, and the franchises, contracts, construction, maintenance, and furnishing of light to the city, and the continuing obligations resting upon the complainant and said city during the term of 20 years provided for in the contract between them of August 21, 1890, a copy of which, marked "Exhibit U," is attached to said bill.

An ordinance passed by a municipal council, within the scope of its powers, has the force of law. 1 Dill. Mun. Corp. § 308. The common council of Little Falls, having the power to contract for the supply of water and light to the city and its inhabitants, could lawfully grant by ordinance such franchises in respect to the occupation and use of its streets and public grounds as are necessary or convenient for the construction, maintenance, and use of the works, appliances, and instrumentalities by which such supplies must be furnished. In Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 9, 19 Sup. Ct. 81, 43 L. Ed. 345, the court, after referring to several decided cases, adds:

"It is true that in these cases the franchise was granted directly by the state legislature, but it is equally clear that such franchises may be bestowed upon corporations by municipal authorities, provided the right to do so is given by their charters. State legislatures may not only exercise their sovereignty directly, but may delegate such portions of it to inferior legislative bodies as, in their judgment, is desirable for local purposes."

And such grant of franchise, after performance by the grantee, is a contract protected by the constitution of the United States against state legislation to impair it. New Orleans Gaslight Co. v. Louisiana L. & H. P. & Mfg. Co., 115 U. S. 650, 6 Sup. Ct. 252, 29 L. Ed. 516; Waterworks Co. v. Rivers, 115 U. S. 674, 6 Sup. Ct. 273, 29 L. Ed. 525; Louisville Gas Co. v. Citizens' Gaslight Co., 115 U. S. 683, 6 Sup. Ct. 265, 29 L. Ed. 510; Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 Sup. Ct. 77, 43 L. Ed. 341.

State legislation includes, of course, legislation by municipal bodies created by the state with powers of legislation for local purposes. In the case last above cited (at page 10, 172 U. S., page 81, 19 Sup. Ct., and page 346, 43 L. Ed.), the court says:

"We know of no case in which it has been held that an ordinance alleged to impair a prior contract with a gas or water company did not create a case under the constitution and laws of the United States."

It follows, therefore, that the ordinance (Exhibit J, attached to the bill) passed by the common council of Little Falls, April 4, 1896, over the veto of the mayor, purporting to repeal the prior ordinances (Exhibit A and Exhibit B) which granted the franchises under which the water plant was constructed, as well as the resolution (Exhibit W, attached to the bill) passed by the same common council on the 3d day of February, 1896, purporting to annul, set aside, and cancel the contract (Exhibit U) between said city and the complainant of August 2, 1890, whereby said city contracted to use and pay for 22 arc lights, at the rate of $96 per year for each for the term of 28 years from that date, were acts of a legislative character, relating to matter within the general scope of the authority of the common council, but having the effect, if valid, to impair and destroy the franchises and contracts under which the complainant had constructed, maintained, and was and is operating its water plant and electric light plant, and performing its contracts with said city. Hence the said ordinance (Exhibit J) and the said resolution (Exhibit W) are both invalid, being in contravention of that clause of section 10, art. 1, Const. U. S., which forbids any state from passing any law impairing the obligation of contracts. They injuriously affect the complainant by casting a cloud upon its franchises and right to occupy and use the streets and public grounds of the city, and upon the validity and continued existence of its contracts with the city for the supply to it of water and light, and thus tend seriously to depreciate the value of complainant's property, impair its credit, and embarrass its business.

As to the showing to the effect that the city of Little Falls is taking steps to construct a plant for the supply of water and electric light, it appears that the complainant's franchises are not exclusive, and that there was not, as in the Walla Walla Case, above cited, any contract on the part of the city that it would not, during the term

for which the franchises were granted, erect, maintain, or become interested in other like works. The bill also alleges that private consumers of water will not make connections with the proposed plant of the city, so that the case does not come within the holding in the recent case of Southwest Missouri Light Co. v. City of Joplin (C. C.) 101 Fed. 23. There seems to be no sufficient reason for enjoining the city from constructing and operating a water plant and electric light plant to supply itself, over and above the water and light which it has contracted to receive from, and pay for to, the complainant, as such construction of a new plant would not release or affect its contracts with complainant.

Unless counsel for the respective parties shall stipulate as to the amount owing and unpaid at the time of the commencement of this suit from the defendant city to the complainant, for light and water furnished by complainant to said city under said contracts, the case may be referred to a special master to compute such amount from the evidence already taken in this case and the admissions in the pleadings, taking any further evidence he may deem necessary. And decree may be entered adjudging and decreeing that the complainant's franchises and its contracts with the city of Little Falls (which may be particularly described therein) are valid and subsisting, and that said ordinance passed April 4, 1896 (Exhibit J), and said resolution passed February 3, 1896 (Exhibit W), are invalid and of no force, and that the complainant recover of the defendant the city of Little Falls the amount of money owing and unpaid by said city to said complainant, as the same shall be fixed by stipulation or by report of special master as above provided for, together with the costs and disbursements of this suit.