ANOKA WATER WORKS, ELECTRIC LIGHT & POWER CO. et al. v.
CITY OF ANOKA et al.

(Circuit Court, D. Minnesota, Fourth Division. June 3, 1901.)

1. MUNICIPAL CORPORATIONS—POWERS—VALIDITY OF CONTRACT WITH WATER COMPANY.

A city having power, under its charter, to provide for furnishing water and light to the city and its inhabitants, and to control the erection of works for such purposes, has power to contract for the furnishing of water and light by third parties, and to grant the franchises and privileges necessary to carry out such contracts; and contracts so made by ordinance, by which the city grants franchises and agrees to pay a stipulated sum to the grantees each six months for water and light for public uses during a term of years, where such contracts are reasonable, and properly protect the city's rights, are binding, and cannot be annulled by the city without the consent of the other parties, who have expended money in the erection of works, and have in all respects performed such contracts on their part.

2. SAME—CONTRACTS FOR WATER AND LIGHTS—CREATION OF INDEBTEDNESS.

A contract by a city to pay a stipulated sum every six months during a term of years to a company for water and lights furnished for public use is not one creating an indebtedness for the full amount which may become due thereunder, and for that reason void, where such an indebtedness would be beyond the constitutional or statutory limit, since the furnishing of the water and lights contracted for during the preceding six months is a condition precedent to liability for each payment thereunder; and, where each payment provided for is within the ordinary

revenues of the city, raised by lawful means, whether by direct taxation alone or partly from licenses, the contract is valid.[1]

3. EQUITY JURISDICTION—SUIT BY WATER COMPANY TO ANNUL ORDINANCE.

A court of equity has jurisdiction of a suit by a water and light company and its mortgagee to set aside and annul ordinances of a city which purport to repeal prior ordinances granting the franchises under which the company erected its works, and contracting for water and lights to be furnished the city, which repealing ordinances cast a cloud upon the property rights of complainants, and, if valid, destroy the value of such rights.

4. JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION—ORDINANCE IMPAIRING OBLIGATION OF CONTRACTS.

Ordinances passed by a city in the exercise of its delegated legislative power are laws of the state, within the meaning of the contract clause of the federal constitution, and, where they purport to repeal prior ordinances by which the city has entered into a contract, a suit by the other party to such contract to have them declared invalid as in violation of such clause involves a question arising under the constitution of the United States, and is within the jurisdiction of a federal court.

In Equity. Suit to enforce contract rights under ordinances passed by the city of Anoka, and to set aside as invalid certain ordinances purporting to repeal those creating the contracts and granting franchises to complainants' assignors.

Hale & Montgomery, for complainants.

Albert F. Pratt and Marshall A. Spooner, for defendants.

LOCHREN, District Judge. Final hearing in this suit was had on the 26th day of April, 1901, upon the bill, answer, and stipulation of facts, and it appears therefrom that all the allegations of matters of fact contained in the bill are true as therein set forth. By the ordinances duly passed by the city council of the city of Anoka, approved by the mayor, and published during the summer and autumn of the year 1889, franchises for the construction and maintenance in said city of waterworks and an electric light plant to furnish water and light to said city and its inhabitants were granted to Edmund T. Sykes, Edward D. Brown, and J. A. Chase, and their assigns, for the term of 31 years, and contracts made with them for the supply to the city of water and light for public purposes during that term at specified rates, with the privilege to the city to purchase the plant at an appraisal at the end of any interval of five years, or at the end of the term. The ordinances were formally accepted by the grantees, who assigned and transferred their rights to the complainant the Anoka Waterworks, Electric Light & Power Company, which company constructed the water and light plant, with mains, hydrants, wires, lights, and all appliances, in compliance with the provisions of said ordinances, and to the satisfaction and acceptance of the city council of said city, and at a cost of $80,000; and during or just after such construction made a mortgage or deed of trust to the complainant the American Trust & Saving Bank, as trustee, to secure the payment of the bonds of said water, light, and power company to the amount of $75,000, of which bonds to the amount

[1] Constitutional and statutory limitations of municipal indebtedness, see note to City of Helena v. Mills, 36 C. C. A. 6.

of $10,000 were not to be disposed of until needed for the extension of water mains beyond the original construction, and only bonds to the amount of $65,000 have ever been issued and sold under said mortgage. Said city, by its contracts aforesaid, evidenced by said ordinances, agreed to pay the rates or rentals accruing against it under said contracts for water and light semiannually on the 1st days of April and October of every year; and that in case of the issue of such mortgage bonds it would, upon written notice, pay at the office of the treasurer of said city so much of the water and light rentals, direct to the trustee under such mortgage, as would, from time to time, be necessary to discharge the maturing interest upon such bonds. It is sufficient to say further that said water, light, and power company has at all times hitherto performed and fulfilled all the stipulations and obligations on its part to be done and performed under said contracts, and that the said city paid to said company for all water and light supplied under said contracts up to October 1, 1899, but nothing since that date, although it has, as aforesaid, continued to receive and use the water and light furnished by the water, light, and power company under the contracts. On February 6, 1899, the city council passed a series of five ordinances, numbered 108, 109, 110, 111, and 112, purporting to repeal in detail all of the aforesaid ordinances of 1889 constituting said contracts; which repealing ordinances were approved by the mayor, and duly published. On April 9, 1900, said city council, by unanimous vote, disallowed the bill or account of said water, light, and power company for water and light furnished from October 1, 1889, till April 1, 1900, charged at the contract rates.

1. The contracts entered into by the defendant city by and through the said ordinances of 1889, and acceptances of the same, were valid and binding. The city had full power to enter into such contracts under the provisions of chapter 4 of its charter, quoted in its answer:

"To provide for and conduct water into and through the streets, lanes, alleys and public grounds of said city, and to provide for and control the erection of water works for the supply of water for said city and its inhabitants." "To provide for the lighting of said city by electricity, gas or other means; and to control the erection of any works for the lighting of said city."

Under these powers, and in the performance of the duties incident to such powers, the city might either construct waterworks and an electric plant, and operate the same, or it might contract for the supply of water and light; granting to the contractor such franchises as might be necessary or convenient for the construction and operation of the works for the supply of water and light. Andrews v. Pipe Works, 10 C. C. A. 60, 61 Fed. 782; City of Austin v. Bartholomew (C. C. A.) 107 Fed. 349, 354. The admitted facts show that these works were necessary, and were generally desired by the inhabitants of the city, when contracted for, as conducive to their health and comfort; that all the terms of the contracts were reasonable, and entered into after advertising for proposals, and considering all offers of other parties; that the privileges and fran-

chises granted were necessary for the construction and operation of the works, and were not exclusive; and that equitable provision was made by the contracts for the purchase of the works by the city, after any interval of five years, at the valuation of the same by appraisal.

2. The objection that the contracts constituted the incurrence of an indebtedness on the part of the city, to a prohibited amount, cannot, in reason, be sustained. It is unnecessary to examine in detail the arguments presented in support of this objection. It is enough to say that these contracts did not, when entered into, create an indebtedness on the part of the city to the aggregate amount of the rates for water and lights for the 31 years. The indebtedness would only arise as the water and lights were furnished and used; and, if paid for as agreed, would never exceed the rates for six months. The revenues of the city, upon the showing made, and within the limitation in respect to taxation, would easily provide for this and the other ordinary expenses of the city. It is not perceived why the revenue from licenses is not as reliable as from any other source of revenue. It appears to have been all collected, while considerable amounts of ordinary taxes remained delinquent.

3. But the objections most relied on by the defendant are those urged against the jurisdiction of this court. Its contentions are that this case presents no such matters of equitable cognizance as will support a bill in equity, and that no federal question is presented by the bill to sustain the jurisdiction of this court. The value of the property rights of the water, light, and power company, and of the mortgage or trust deed to said American Trust & Savings Bank, depends almost entirely upon the validity of the franchises granted and of the contracts made by and through the said ordinances of 1889. The repealing ordinances, if valid, destroy the value of those property rights, and of the security of said mortgage or trust deed. And such repealing ordinances, standing and existing as ordinances of said city, constitute a menace to and cloud upon such property rights and mortgage, which naturally and inevitably casts doubt upon the value of such property and mortgage, especially as the city has since, and with those repealing ordinances in apparent force, refused to carry out, or longer make payments upon, the contracts which rest upon the ordinances of 1889, denying that it is bound by such ordinances. The water, light, and power company, as owner of these property rights, and the trustee, who represents the bondholders, have the right, if these repealing ordinances are invalid, to have them so adjudged, and the cloud upon their property and rights removed, by the decree of a court of equity, which alone is competent to award adequate and full relief in such a case. The allegations of conspiracy and confederation are fully sustained by the admissions of the passage of the repealing ordinances, and the later refusal of the council, for no reason stated, to allow the bill of charges for the water and light admitted to have been furnished to and used by the city. The contention of complainants is that these repealing ordinances are invalid, as being laws impairing the obligation of the contracts entered into by

said city by and through the prior ordinances of 1889, upon which contracts, as aforesaid, the value of the property rights of the water, light, and power company, and of the security held by the trustee depend. An ordinance passed by a municipal council within the scope of their powers has the force of law. 1 Dill. Mun. Corp. § 308. The grant of franchises by such ordinances, after performance by the grantee, is a contract protected by the constitution of the United States against state legislation to impair it. New Orleans Gaslight Co. v. Louisiana Light & Heat Producing & Manufacturing Co., 115 U. S. 650, 6 Sup. Ct. 252, 29 L. Ed. 516; Louisville Gas Co. v. Citizens' Gaslight Co., 115 U. S. 683, 6 Sup. Ct. 265, 29 L. Ed. 510; City of Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 Sup. Ct. 77, 43 L. Ed. 341. State legislation includes, of course, legislation by municipal councils, created by the state with powers of legislation for local purposes. In the case last above cited (172 U. S. 10, 19 Sup. Ct. 81, 43 L. Ed. 346) the court says:

"We know of no case in which it has been held that an ordinance alleged to impair a prior contract with a gas or water company did not create a case under the constitution and laws of the United States."

And in the case of St. Paul Gaslight Co. v. City of St. Paul (decided by the supreme court April 15, 1901) 21 Sup. Ct. 573, 577, 45 L. Ed. ——, the court says:

"While it is not pretended that there is any law of the state of Minnesota by which the obligation of the contract was impaired, it is asserted that such consequence results from the ordinance adopted by the municipal council of the city of St. Paul, the text of which ordinance has been reproduced in the statement of the case. It is no longer open to question that a by-law or ordinance of a municipal corporation may be such an exercise of legislative power delegated by the legislature to the corporation as a political subdivision of the state, having all the force of law within the limits of the municipality, that it may properly be considered as a law, within the meaning of this article of the constitution of the United States,"—citing many cases.

The assertion in the statement of facts that the motion of April 9, 1900, disallowing the bill for the next prior six months' rentals for water and light was passed "for the reason that the defendant the city of Anoka was then advised and believed that the ordinances upon which the plaintiffs herein rely to enforce the collection of the claims by them herein made were and are void, and of no effect in law," is wholly irrelevant. Whence the advice, and whether based upon the supposed nullifying effect of the repealing ordinances, did not appear in the language of the motion, and does not even yet appear in the statement of facts. The motion expressed no reason for disallowing the bill, and rational conjecture would only suggest reliance upon the repealing ordinances as the basis of such action on the part of the council. The questions in this case are substantially the same as in the case of Little Falls Electric & Water Co. v. City of Little Falls (C. C.) 102 Fed. 663.

Decree will be entered adjudging that the contracts between the city of Anoka and the complainant the Anoka Waterworks, Electric Light & Power Company for furnishing water and light to said city, which are set forth in the bill of complaint, are valid and existing contracts; and that the aforesaid repealing ordinances are, and

ever have been, invalid, and of no effect; and that the complainant the Anoka Waterworks, Electric Light & Power Company recover of the defendant the city of Anoka the amounts stipulated in paragraph 18 of the stipulation of facts contained in the record, and costs. The form of the decree, unless agreed on by counsel, may be settled upon two days' notice.