EDWARD L. REED and Others v. CITY OF ANOKA and Others.[1]

January 24, 1902.

Nos. 12,822—(161).

**Powers of Defendant City—Contract with Individual.**

The charter of the city of Anoka confers upon the municipality, in substance: (a) Power to make and establish public pumps, wells, cisterns, and hydrants, and to provide for and control the erection of waterworks for the supply of water for the city and its inhabitants; (b) power to provide for lighting the city with electricity, gas, or other means, and to control the erection of any works for that purpose, and to grant to any corporation or person the right to occupy its streets for that purpose. *Held*, that such provisions of the charter invest the municipality with power and authority to enter into contracts with private individuals for the purposes stated.

**Rules Applicable to Such Contracts.**

Entering into such contracts and granting a franchise to individuals do not involve an exercise on the part of the municipality of its legislative or governmental functions, as respects the rates and charges to be paid the grantees for a performance of the contracts, or otherwise, but only its proprietary or business powers; and the rules and principles of law applicable to contracts and transactions between individuals apply thereto.

**Discretion of Local Authorities.**

The authority given municipalities to enter into contracts of this character confers upon the local authorities large discretionary powers, with the exercise of which courts will not interfere unless clearly abused, unless contracts made by them are unreasonable, inequitable, and unfair.

[1] Reported in 88 N. W. 981.

**Contract for 31 Years.**

Contracts of the nature of those in question in this action are not, merely from the fact that they cover a period of thirty-one years, and definitely and finally fix the rates and charges to be paid the grantees for the full period, prima facie void, as unreasonable and unfair. They are prima facie valid, and, in the absence of a showing of unreasonableness, must be upheld.

**Reasonableness of Contract—Presumption.**

The questions whether the necessities of a municipality justify a contract for so long a period of time, and the fairness and reasonableness of the terms thereof, are addressed to the sound judgment of the municipal officers; and, as such officers are presumed to act within the scope of their authority, and for the best interests of the municipality they represent, the burden to impeach the contract is upon the person who calls it in question.

**Flynn v. Little Falls Electric & Water Co. Distinguished.**

Flynn v. Little Falls E. & W. Co., 74 Minn. 180, distinguished.

Appeal by plaintiffs from an order of the district court for Hennepin county, Harrison, J., denying a motion for a new trial. Affirmed.

*Russell, Cray & Jamison,* for appellants.

*Hale & Montgomery,* for respondents.

BROWN, J.

This action was brought by plaintiffs, as freeholders and taxpayers of the city of Anoka, in their own behalf and in behalf of all other taxpayers of the city, against the city and its officers and the respondent Anoka Waterworks, Electric Light & Power Company, for the cancellation of certain contracts between the city and respondent, and praying that defendants, and each of them, be forever enjoined and restrained from further performance or compliance therewith. Defendant electric light company appeared and answered, denying some of the material allegations of the complaint, and setting out fully the transactions out of which the contracts in question arose. When the cause came on for trial before the court below without a jury, defendant admitted the allegations of the complaint to the effect that plaintiffs are freeholders and taxpayers, and thereupon plaintiffs rested their case without offer-

ing any evidence in support of the other allegations of their complaint put in issue by the answer, whereupon, upon defendant's motion, the court dismissed the action. Plaintiffs' subsequently moved for a new trial, and they appealed from an order denying it.

The facts, briefly stated, are as follows: The city of Anoka is a municipal corporation organized and created by Sp. Laws 1889, c. 9. Subsequent to its incorporation, and in the year 1889, the city entered into two certain contracts with the firm of Sykes, Brown & Chase, by which those persons contracted and agreed to construct and equip within the city a system of waterworks for the supply of water to its inhabitants and for the use of the city, and also to establish and equip an electric light plant for the use of the city and its inhabitants. Two contracts were made,—one with reference to the waterworks, and one with reference to the electric light plant. Sykes, Brown & Chase assigned the contracts and all rights and privileges thereunder to the defendant waterworks and electric light company, which subsequently fully complied therewith by erecting and constructing both plants; and it has since continued to operate them. Both are long-term contracts, extending for a period of thirty-one years; and the plants were fully completed and put into operation, as required by their terms, on or about January 9, 1890. The waterworks contract, which is made up of certain ordinances duly enacted by the city council and the acceptance thereof by Sykes, Brown & Chase, provides, among other things, for laying water mains within specified limits of the city, placing certain hydrants therein, the use of the streets and alleys of the city being surrendered to the grantees for that purpose, for placing certain hydrants therein, and requiring the grantees to erect a standpipe of certain dimensions, and to provide machinery, pumps, appurtenances, and attachments with pumping capacity of one million seven hundred thousand gallons per day; in consideration of all of which the city agrees to pay the grantees the sum of $64 per year for each hydrant for the full term of the contract. Certain restrictions and limitations are imposed by the ordinances with respect to the charges to be made by the grantees to private persons for water furnished them. The contract as to the electric light plant contains substantially, in a

general way, the same provisions, except as to the amount of compensation to be paid the grantees, and no limitations are imposed as to rates to be charged private consumers.

The authority under which the city acted in entering into the contracts is found in the provisions of its charter, which, among other things, confer upon the municipality, in substance: (a) Power to make and establish public pumps, wells, cisterns, and hydrants, and to provide for and control the erection of waterworks for the supply of water for the city and its inhabitants; (b) power to provide for lighting the city with electricity, gas, or other means, and to control the erection of any works for that purpose, and to grant to any corporation or person the right to occupy its streets for that purpose. There can be no doubt but that these charter provisions confer upon the municipality authority to enter into contracts with individuals for the purpose of providing itself and its inhabitants with a supply of water, and for the purpose of lighting the city. Authorities sustaining the proposition, under similar charter provisions, are numerous: Andrews v. National Foundry & Pipe Works, 10 C. C. A. 60, 61 Fed. 782; Los Angeles v. Los Angeles City Water Co., 177 U. S. 558, 88 Fed. 720; City v. Newport, 84 Ky. 166; City v. Indianapolis, 66 Ind. 396.

We do not understand appellants to contend that the charter provisions are insufficient to authorize contracts for the purposes stated. What they do contend is that the contracts are void on their face because and for the reason that they cover a term of thirty-one years, and definitely and finally fix and determine the rates of compensation to be paid the grantees for the full period, and thus, in effect, barter and contract away legislative functions of the municipality; it being claimed in this behalf that the right to fix rates and charges to be paid for water and light furnished by the grantees under the contracts is purely legislative, and that the city council which entered into the contracts could create no binding obligation in respect to such charges and compensation to extend beyond the term of their office.

The argument is that, though the general right and power to contract does not necessarily involve the exercise of legislative functions, the power to fix rates and charges to be paid by the

municipality in consideration of the performance of contracts does, and that, in consequence, any regulation one council might see fit to make on that subject could be binding, in no proper view of the law, upon a succeeding council. The reasoning to support this position is not tenable, and to adopt it as the law would effectually destroy, or at least render merely nominal, the right of municipalities to enter into contracts of this character, however great their necessities. Large investments of capital, such as are necessary in the equipment of plants of the nature and extent of those involved in the case at bar, could not be induced to venture in such undertakings if it were understood that the income and profits of the enterprise were at the whim and caprice of each succeeding municipal council. Such investments, where made, are permanent in character, and no prudent person would make them under such uncertain and precarious conditions as appellants' theory of the law might result in.

The authorities are very uniform that contracts of this nature are not within the legislative or governmental prerogatives of the municipality, but rather within its proprietary or business powers. Their purpose is not to govern the inhabitants, but to secure for them and for itself a private benefit. Illinois Trust & Sav. Bank Co. v. City of Arkansas City, 22 C. C. A. 171, 76 Fed. 271; Walla Walla City v. Walla Walla Water Co., 172 U. S. 1, 19 Sup. Ct. 77. It was so held in the case of Flynn v. Little Falls E. & W. Co., 74 Minn. 180, 77 N. W. 38, 78 N. W. 106. While this precise point of distinction was not made in that case, it is authority for the proposition that a municipality does not exercise its legislative functions in entering into contracts of this kind, but only its business or proprietary powers, to which the rules and principles of law applicable to contracts and transactions between individuals apply. It would be extremely illogical to hold that such contracts could be lawfully made and entered into, provided they did not extend in duration beyond the term of office of the council by which they are made, and would tend to render the exercise of the power by municipalities practically valueless.

However, if this theory of the law may be said to have any merit, it can have no application to the case at bar, for it does not

appear that any subsequent city council of Anoka has ever changed or modified either of these contracts in respect to the rates to be paid the grantees. If the right to fix rates and charges be legislative, it is a matter resting in the discretion of the council, and the failure of that body to take action in this case must be taken as conclusive evidence that, in the opinion of each council in office since the contracts in question were made, the rates originally fixed are just and fair. Clearly, the court should not interfere and set aside the contracts merely because they fix rates and charges beyond the term of office of the council fixing them. The most the court could do in any such case would be to hold that each succeeding council could, in the exercise of its discretionary powers, by ordinance or resolution revise the rates previously fixed. But such cannot be held to be the law. To so hold would result in overturning contracts heretofore made in good faith, upon which large investments of capital have been made, and place those who have thus invested their money at the mercy of public agitation and clamor.

The following authorities sustain long-term contracts of the same tenor and effect as those here under consideration, the time ranging from ten to thirty years: Oconto v. City, 105 Wis. 76, 80 N. W. 1113; Grant v. City, 36 Iowa, 396; Western v. City, 31 Pa. 175; City v. Memphis, 5 Heisk. 495; Little Falls Electric & Water Co. v. City of Little Falls (C. C.) 102 Fed. 663; City v. East St. Louis, 98 Ill. 415; Atlantic City v. Atlantic City, 48 N. J. L. 378, 6 Atl. 24; Citizens v. Bridgeport, 55 Conn. 1, 10 Atl. 170; Columbus v. City, 48 Kan. 99, 28 Pac. 1097.

It is claimed by appellants that the case is controlled by the decision of this court in Flynn v. Little Falls E. & W. Co., supra, and that, unless the decision there made is overruled, there must be a reversal in this case, and the cause remanded for a new trial.

In that case the complaint alleged, among other things, that the needs of the city of Little Falls did not, at the time the contract there involved was made, and would not for years to come, require the number of hydrants provided for by the terms of the contract; that the price agreed to be paid by the city for each hydrant was unreasonable and exorbitant, being at least $40 more per hydrant

than the reasonable value thereof; that the contract was unreasonable, inequitable, and unjust in other respects. Those allegations were admitted to be true by the demurrer in that case, and the court held, in view of those facts, that the contract was unreasonable and void. There may be some doubt as to what the court really intended to decide by the first opinion in that case, but on rehearing the court said that it was not the intention to hold as a hard and fast rule that in every conceivable case a thirty-year contract by a village for a supply of water would be unreasonable and void. It was stated that there might be exceptional cases where a thirty-year contract would be reasonable, and within the authority of the officers of the municipality, and, if those conditions appear, a contract for that period of time would be valid. It must be taken as conclusive that in arriving at that decision the court took into consideration the admitted allegations of the complaint to the effect that the contract was inequitable and unreasonable, requiring a number of unnecessary hydrants at an exorbitant price for the full period of thirty years.

Such is not the situation in the case at bar. The complaint now before us alleges, as in the Flynn case, that the rates and charges to be paid the grantees, as fixed by the contracts in question, are exorbitant and unreasonable, and that the number of hydrants is greatly disproportionate to the needs and requirements of the city. But these allegations are expressly denied by the answer, and it is affirmatively alleged by defendants that no more hydrants are provided for by the contract than are reasonably necessary for the requirements of the city, and that the prices agreed to be paid therefor are reasonable, fair, and just. The pleadings present the same situation as to the contract for electric lighting. No attempt was made on the trial to establish the truth of plaintiffs' allegations in this respect, and we cannot assume, in disposing of the case, that the allegations so put in issue are true. Plaintiffs must therefore stand or fall upon the naked contention that the contracts in question are prima facie void, and beyond the power of the city authorities to make, because of the fact that they cover a period of thirty-one years. Adopting counsel's construction of the Flynn case, however, to the effect that such contracts are prima

facie void, with the qualification there made that there might be exceptional cases where the necessities of the municipal corporation for a supply of water and the practical impossibility of procuring a supply in any other way would authorize a long-term contract, we must assume, in the absence of any evidence to the contrary, that those facts existed in this case.

Public officers are presumed to act within the limits of their authority in good faith, and for the best interests of the municipality they represent. Webb v. School Dist., 83 Minn. 111, 85 N. W. 932; Gillette-Herzog Mnfg. Co. v. Board of Commrs. of Aitkin Co., 69 Minn. 297, 72 N. W. 123. The question as to the necessities of the city of Anoka in respect to procuring a supply of water and lighting the city by electricity was one of fact for the officers to determine in the exercise of their sound judgment, and we are cited to no rule of law which would authorize us to presume that in determining that question the officers acted in bad faith. The presumption must be in favor of the contracts, and he who calls them in question has the burden to impeach them. Evison v. Chicago, St. P., M. & O. Ry. Co., 45 Minn. 370, 48 N. W. 6. The power given municipalities to make contracts of this kind confers upon the local authorities large discretionary powers in respect thereto, with the exercise of which the courts will not interfere unless clearly abused,—unless the contracts made by them are unreasonable, inequitable, and unfair, or tainted with fraud or illegality. There is no showing in this case that either of these contracts is unreasonable, unfair, or unjust, nor any showing that they were fraudulently entered into. Neither the size of the city of Anoka is shown, nor any facts disclosing its necessities or requirements as respects the subject in hand; and, for aught that appears, the contracts were entered into in perfect good faith, and are fair and reasonable.

It is unnecessary to enter into any discussion as to when, or under what circumstances, long-term contracts of the nature of those involved in this action would be unreasonable and void. The question is not before the court. All we determine in this case is that a contract of the kind, extending for a period of thirty-one years, is not necessarily prima facie void, nor beyond the

power of the municipal authorities, but, on the contrary, in the absence of a showing of unreasonableness, is prima facie valid. Our conclusion is that the action was properly dismissed by the learned trial court. We may say, in passing, that these identical contracts were sustained by the United States circuit court (Lochren, J.) in the case of Anoka Waterworks, E. L. & P. Co. v. City of Anoka (C. C.) 109 Fed. 580.

Order affirmed.