CITY OF EAST GRAND FORKS v. HERMAN LUCK.[1]

March 2, 1906.

Nos. 14,566—(196).

**Water and Light Rates.**

Sections 291, 293, c. 8, p. 113, Laws 1895, which make an owner of premises liable for water and light furnished by a municipality to a tenant, are not unconstitutional, in that it results in the taking of property without due process of law, or in causing one person to pay for the debts of another. The obligation assumed by an owner who connects his premises with the city system for the purpose of acquiring light or water is to maintain and pay for the same in accordance with the prescribed rules and regulations upon the theory of implied contract. The regulations provided are reasonable and such as may be conferred by the state upon municipalities.

Appeal by defendant from an order of the district court for Polk county, Watts, J., overruling a demurrer to the complaint. Affirmed.

*H. A. Bronson* and *D. T. Collins,* for appellant.

*F. C. Massee* and *G. A. E. Finlayson,* for respondent.

LEWIS, J.

The city of East Grand Forks was incorporated under the provisions of chapter 8, p. 16, Laws 1895. Among its general powers is that of lighting the streets, public grounds, and buildings, and to purchase, acquire, and establish gas, heat, and electric light plants, and furnish such commodities to persons within the city limits on such terms as it may provide, and also to establish waterworks, and to subscribe and fix charges for the same. Section 289 provides for the appointment by the city council of a superintendent of waterworks. Section 290 requires the keeping of accounts by the superintendent and the receiving of water rents and moneys accruing to the department. Section 291 reads as follows:

> The owner of private property, which property has upon it pipes connected with the city waterworks to convey water

[1] Reported in 107 N. W. 393.

thereto, shall, as well as the lessee of the premises, be liable to the city for the rents or rates of all water from said waterworks used upon said premises, which may be recovered in an action against such owner, lessee or occupant, or against any or all of them.

Section 293 reads:

In any city in this state having and operating its own light works, the provisions of this chapter shall apply thereto, in so far as the same can be made applicable, and said light works can, if the city council shall so determine, be managed and operated under the same officers and as a part of the same department as the waterworks.

This action was brought against appellant, owner of certain premises in the city, to recover $75.29 for electric lighting alleged to have been furnished to a tenant of certain premises from October, 1904, to March, 1905. The court below overruled a demurrer to the complaint, and the question presented upon this appeal is whether the provisions of the law above cited are unconstitutional, upon the ground that they provide for the taking of property without due process of law.

Whether the charter provisions are unconstitutional was submitted on the argument upon the theory that they were unreasonable, and, further, that in effect it required a person to pay for the debts incurred by another. It is no longer questioned that the state has the power to confer upon municipalities the right to establish water and light plants for the purpose of furnishing water and light to the inhabitants thereof, and to enforce collection of the charges to consumers by reasonable regulations. This court has recently recognized the rule in Reed v. City of Anoka, 85 Minn. 294, 88 N. W. 981, and Powell v. City of Duluth, 91 Minn. 53, 97 N. W. 450. In the latter case certain rules and regulations by the board of water commissioners with reference to the use of meters was held to be not unreasonable, and that water rates were not taxes within the meaning of the constitution, which required uniformity of taxation, and that the city, through its board of water commissioners was endowed with a reasonable discretion to accomplish the objects embraced within the charter.

Such is the general rule in other jurisdictions. In the Appeal of Brumm (Pa.) 12 Atl. 855, it was held that a private corporation for the purpose of supplying water has a right to provide by its by-laws that, if the water rent is not paid, the water supply may be cut off until all arrears and expenses of shutting off are paid, that such arrears are a lien upon the property, and that a subsequent purchaser takes it subject to such lien.

In Kelsey v. Board, 113 Mich. 215, 71 N. W. 589, 37 L. R. A. 675, the charter authorized the commissioners to assess the water rate to be paid by the owner or occupant of each house or other building having such service, and to make all necessary by-laws and regulations therefor, either through collectors, by requiring payment at the office, by shutting off the water, by suit at law, or by sale of the house or other building and the lot or lots on which it was situated. A case arose where the several tenants of the building were furnished water with but one service pipe, and a single shut-off in the street; and it was held that a regulation requiring the owner of the building, instead of the several tenants, to pay the water rates, was reasonable.

In Silkman v. Board, 152 N. Y. 327, 46 N. E. 612, 37 L. R. A. 827, it was held proper to take into consideration the question of consumption as one of the elements in determining the rates and to charge a smaller rate where a large quantity of water is used than where a small amount is consumed.

In Provident Inst. v. Jersey City, 113 U. S. 506, 5 Sup. Ct. 612, 28 L. Ed. 1102, an act was sustained which made water rates a charge upon lands prior to the lien of all incumbrances. To the same effect is Wagner v. City of Rock Island, 146 Ill. 139, 34 N. E. 545.

In Turner v. Revere, 171 Mass. 329, 50 N. E. 634, 40 L. R. A. 657, 68 Am. St. Rep. 432, an ordinance was held unreasonable which prescribed that in all cases of nonpayment of rates fifteen days after the same are due the water might be shut off without further notice and not be again turned on until the rates were paid, upon the ground that such power was not conferred by the charter. But it was conceded in the opinion that such power might be specifically conferred by the state upon the municipality.

The charter under which the city of East Grand Forks was incorporated contains no other provisions upon the subject than those above

set out. It does not make the rental a lien upon the premises, or provide for its enforcement by a sale thereof, but makes the remedy a personal one, and extends it to the owner of the premises as well as to the lessee. Such provision does not, in our judgment, provide that a person shall pay the debts of another, and thus take his property without due process of law. The theory of the charter is that the obligation on the part of the owner rests upon contract, which is implied by the fact that he connects his premises with the city water or electric light system and permits the occupant to use the same. It is quite as reasonable to require the owner of the premises to respond personally for the debts incurred by his lessee for electric light and water rent as to subject his premises to a lien and sale. If the method adopted is reasonable, and the owner has ample notice thereof, he then subjects himself to the regulations if he concludes to become a consumer. He has no absolute right to call upon the city for water without regard to suitable terms controlling its use, and the city has the undoubted authority to prescribe what those terms shall be, subject only to the rule that they must be reasonable and not prohibitory.

The principle is recognized in several cases. In Powell v. City of Duluth, supra, it was said that water rates were imposed and collected merely as the compensation or equivalent to be paid by those who choose to receive and use city water; that such rates were in no sense taxes, but merely the price paid for water as a commodity; and the relation between the city and the consumer is that of contract. In Provident Inst. v. Jersey City, supra, it was said that the rents imposed for water actually used were sustained upon the ground of an implied contract to pay the same.

It is not necessary for the determination of the question before us upon this appeal to consider whether in this particular instance the city of East Grand Forks was in the exercise of its purely legislative or governmental functions, or whether it was exercising what are usually known as private functions. That might depend upon the nature of the service, the number of people paying tribute, the amount of revenue collected, whether the electric light plant was self-sustaining, and the surplus, if any, were used to the advantage of the city. The facts pleaded do not present that point. We are aware that in some cases of

this character the decision apparently rests upon the fact that the duties assumed by a municipality were of a private nature. But the authority to make such reasonable rules as may be necessary to effect the result contemplated by the grant of power exists, irrespective of whether the functions are strictly governmental or private.

Appellant also insists that section 293 does not specifically and definitely place lighting works upon the same basis as waterworks. No point was made at the argument that the complaint did not state that the lighting plant was managed and operated by the same officers and as a part of the same department as the waterworks, and it will be assumed that the complaint is not faulty for that reason. We consider the language of section 293 quite sufficient to place electric light systems upon the same basis as waterworks systems.

Order affirmed.

ELLIOTT, J. (dissenting.)

I am unable to concur in the conclusion reached by the majority of the court. The statute in question makes one person liable for the personal debt of another without his consent. It was not enacted with reference to the exercise of any governmental function of the municipality. Water and electric light rates are not taxes. The relation between the city and the consumer is one of contract. In Powell v. City of Duluth, 91 Minn. 53, 97 N. W. 450, this court said: "Water rates are imposed and collected merely as the compensation or equivalent to be paid by those who choose to receive and use the water. Water rates are in no sense taxes, but merely the price paid for water as a commodity. * * * In the case of water rates the relation of the city to the consumer is that of contract. The city has no power to compel any person to buy water."

When the municipality enters the field of ordinary private business, it does not exercise governmental powers. Its purpose is, not to govern the inhabitants, but to make for them and itself private benefit. As far as the nature of the powers exercised is concerned, it is immaterial whether the city owns the plant and sells the water, or contracts with a private corporation to supply the water. It is not in either case exercising a municipal function. Reed v. City of Anoka, 85 Minn. 294, 88 N. W. 981; Walla Walla City v. Walla Walla Water Co., 172 U. S. 1,

19 Sup. Ct. 77, 43 L. Ed. 341; Illinois Trust & Savings Bank Co. v. Arkansas, 76 Fed. 271, 22 C. C. A. 171, 34 L. R. A. 518. Many other cases might be cited in support of the proposition.

When a municipality engages in a private enterprise for profit, it should have the same rights and be subject to the same liabilities as private corporations or individuals. This decision permits it to engage in a private business, and in aid thereof exercise its governmental powers to the prejudice of the rights of its citizens. It was held in Miller v. City of Minneapolis, 75 Minn. 131, 77 N. W. 788, that, in so far as the city maintained its water plant for use by its fire department in extinguishing fires, it performed a public or governmental function, and was not liable for the negligence of its officers and servants in permitting the pipes and hydrants to become choked with sand and other refuse. The court now extends this doctrine, and there can hereafter be no recovery from a city under any circumstances for damages resulting from negligence in the management of its waterworks.