538 A.2d 146

Stanley E. Kornafel, t/a Carpets Cleaned Carefully, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Submitted on briefs January 8, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Stanley E. Kornafel,* petitioner, for himself.

*Mark C. Morrow,* Assistant Counsel, with him, *Frank Wilmarth,* Deputy Chief Counsel, and *Daniel P. Delaney,* Chief Counsel, for respondent.

*William M. Posner,* for intervenor, The Bell Telephone Company of Pennsylvania.

OPINION BY JUDGE CRAIG, March 2, 1988:

Stanley E. Kornafel appeals an order of the Pennsylvania Public Utility Commission, affirming an order of Administrative Law Judge (ALJ) MORRIS MINDLIN and dismissing Kornafel's formal complaint against Bell Telephone Company of Pennsylvania. We affirm.

On January 26, 1987, Kornafel, a business customer of Bell, filed a formal complaint with the commission challenging the tariff-embodied late payment charges of Bell whereby Bell charges 1.25% on the unpaid balance that is carried forward to the next month's bill. Kornafel objected to (1) Bell's imposition of late payment charges on amounts which Bell bills in advance and (2) Bell's failure to prorate late payment charges according to the number of days a payment is overdue when Bell receives it.

Bell filed an answer to Kornafel's complaint and a motion to dismiss the complaint without a hearing. ALJ

MINDLIN found Bell's imposition of the late charges to be reasonable and granted Bell's motion to dismiss the complaint.

Kornafel filed exceptions to the ALJ's determination with the commission. The commission denied Kornafel's exceptions. This appeal follows.

Our scope of review of actions of the commission "is limited to a determination of whether the commission violated constitutional rights, committed an error of law, or made findings which are not supported by substantial evidence." *Bell Telephone of Pennsylvania v. Pennsylvania Public Utility Commission,* 83 Pa. Commonwealth Ct. 331, 334, 478 A.2d 921, 923 (1984).

Kornafel asserts that the late payment charge is unfair because Bell bills its customers in advance for fixed rate services and therefore the late charge is placed on services not yet received by the customer. He cites 66 Pa. C. S. §1305, providing that "[n]o public utility shall require the payment of rates in advance . . . except as the commission, by regulation or order, may permit."

Although it is true that Bell bills its customers in advance, at the beginning of each billing month, for certain flat-rated or non-usage sensitive services, the fact is that the customer normally receives the service before Bell's deadline for payment, because Bell provides at least thirty days for the payment of the bill before it becomes subject to a late charge. Therefore, Bell's billing procedure does not violate 66 Pa. C. S. §1305.[1]

Next, Kornafel contends that the amount of the late payment charge should be prorated according to how many days late the payment is made.

---

[1] Bell's procedure of allowing thirty days for timely payment also meets the statutory requirement delineated in 66 Pa. C. S. §1509 which provides that a company must allow at least fifteen days between the date of transmittal of the monthly bill and the date payment must be made to avoid a late payment charge.

In September 1985, the commission approved a revision to Bell's tariff which states:

1.   Business Service

Any unpaid balance carried forward to the next month's bill is subject to a Late Payment Charge in the amount of 1.25% of the unpaid balance.

Pa. P.U.C.-No. 1, Section 1.

The question of how to assess late payments is essentially a rate structure question which is particularly within the expertise of the commission. *Welch v. Pennsylvania Public Utility Commission,* 76 Pa. Commonwealth Ct. 158, 464 A.2d 568 (1983). This court has stated that reasonableness of rates is an administrative question for the commission and the findings of the commission must be upheld if supported by substantial evidence. *Mobilfone of Northeastern Pennsylvania v. Pennsylvania Public Utility Commission,* 78 Pa. Commonwealth Ct. 336, 467 A.2d 902 (1983).

In approving Bell's tariff, the commission determined Bell's late charge payment fee, which charged 1.25% for any unpaid balance carried over to the next month's bill, to be reasonable. As stated by the ALJ, "late charges are a form of administrative discipline for payment and, if reasonable in measure, are designed to compensate derivative costs . . . and thus are reasonably imposed on the late-payers." Therefore, we will not disturb the commission's determination that Bell's late charge payment assessment procedure is reasonable.

Accordingly, we affirm.

ORDER

Now, March 2, 1988, the order of the Pennsylvania Public Utility Commission, at C-871180, dated May 28, 1987, is affirmed.