116 Pa. Commonwealth Ct. 139 (1988)
541 A.2d 415
Bobby McArther, Appellant
v.
City of Philadelphia Tax Review Board, Appellee.
No. 3704 C.D. 1986.
Commonwealth Court of Pennsylvania.
Argued February 23, 1988.
May 12, 1988.
Argued February 23, 1988, before Judges DOYLE and BARRY, and Senior Judge NARICK, sitting as a panel of three.
Wayne Wynn, for appellant.
*140 Andrew P. Bralow, Divisional Deputy City Solicitor, with him, Edward Sparkman, for appellee.
OPINION BY JUDGE BARRY, May 12, 1988:
Bobby McArther appeals an order of the Court of Common Pleas of Philadelphia County which affirmed a decision of the City of Philadelphia Tax Review Board which held that he was liable for certain water and sewer charges.
McArther lived as a tenant for some period not indicated on the record in premises located at 2563 N. Dover Street, Philadelphia. The landlord failed to pay the water and sewer bills since 1977. In December of 1980, McArther purchased the property. At the time of purchase, McArther neither purchased title insurance nor did a title search.
In April of 1981, McArther received a notice from the City which threatened to terminate water and sewer service because of unpaid bills dating back to 1977. He refused to pay the back bills, believing they should have been the responsibility of his landlord. In May of 1981, a hearing officer for the Water Revenue Bureau disagreed and concluded that McArther was responsible for all outstanding charges. McArther appealed to the Tax Review Board and a hearing was held on April 23, 1983, following which the Tax Review Board concluded that he was responsible for all outstanding charges. He appealed to the court of common pleas which affirmed the Tax Review Board. This appeal followed.
McArther first argues that the City's attempt to collect water and sewer bills from him when the prior owner was contractually liable for those bills violates both the United States Constitution and the Pennsylvania Constitution. We need not address this issue since McArther never raised it before the Tax Review Board. Except for three instances not applicable here, local *141 Rule 146 C of the Philadelphia Rules of Civil Procedure prohibits the court of common pleas from considering any questions not raised before the administrative agency unless there is the right to a de novo hearing. One appealing decisions of the Tax Review Board is not entitled to a de novo hearing. Philadelphia Code §191706(2). By failing to raise these constitutional challenges before the Tax Review Board, McArther has waived them.
McArther's remaining two issues must be considered together. He argues that the Tax Review Board failed to make factual findings as required by Section 555 of the Local Agency Law, 2 Pa. C. S. §555. He also argues that both the Tax Review Board and the court committed an error of law in concluding that he was personally liable for the bills predating his ownership of the property.
The trial court's order in pertinent part states, "[i]t is hereby ORDERED and DECREED that the decision of the Tax Review Board denying the petition of BOBBY McARTHER is affirmed. It is further ORDERED and DECREED that BOBBY McARTHER is liable for Water/Sewer Charges for years 1977 through 1980." The court was wrong in this conclusion. Section 251 of the Municipal Claims and Liens Act, Act of April 17, 1929, P.L. 527, as amended, 53 P.S. §7521, provides:
In addition to the remedies provided by law for the filing of liens for the collection of municipal claims, including but not limited to water rates, sewer rates and the removal of nuisances, all cities, boroughs, incorporated towns, townships and bodies corporate and politic created as municipal authorities pursuant to law may proceed for the recovery and collection of all of the foregoing claims by action of *142 assumpsit against the person or persons who were the owner or owners of the property at the time of the completion of the improvement, or at the time the water or sewer rates or the cost of the removal of nuisances first became payable notwithstanding the fact that there was a failure on the part of any such city, borough, township, or body politic and corporate created as a municipal authority pursuant to law, or its agents, to enter any such municipal claim as a lien against the property assessed for the improvement, or for the furnishing of water or sewer services and for the removal of nuisances and for the recovery of which the action of assumpsit was brought. (Emphasis supplied.)
We know of no authority which makes a subsequent owner of property personally liable for valid liens attached to the property and the court's order holding McArther was so liable is error.[1]

ORDER
NOW, May 12, 1988, the order of the Court of Common Pleas of Philadelphia County, dated November 19, 1986, at No. 5435 May Term, 1983, is reversed.
NOTES
[1] This is not to say that valid liens may not attach to the subject property. McArther admits that he did not do a title search or purchase title insurance. As was stated long ago, "When inquiry becomes a duty, neglect to make it visits the negligent party with constructive notice of such facts as a proper discharge of the duty would have disclosed." Logan v. Neill, 128 Pa. 457, 469, 18 A. 343, 344 (1889). The instant record is devoid of findings of what McArther would have discovered. The question of McArther's status as a bona fide purchaser, however, is for another day when the City attempts to execute on the liens.