578 A.2d 577

**Joseph J. SKUPIEN and Marjorie A. Skupien, husband and wife, Appellants,**

**v.**

**The BOROUGH OF GALLITZIN, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 1990.

Decided July 19, 1990.

Blair V. Pawlowski, Pawlowski and Tulowitzki, for appellants.

Toni–Renee Anderson, with her, Ronald Dudeck, Kaminsky, Kelly, Wharton and Thomas, for appellee.

Before CRAIG, President Judge, and PELLEGRINI, J., and NARICK, Senior Judge.

CRAIG, President Judge.

Joseph and Marjorie Skupien appeal a decision of the Court of Common Pleas of Cambria County that sustained the Borough of Gallitzin's preliminary objections to the Skupiens' petition for declaratory judgment.

The Skupiens challenged paragraph 7 of the borough's Ordinance No. 338, which provides for the regulation of the Gallitzin Borough Water System, and which provides that the owners and lessees of property, if served by the borough water system service, shall be jointly and severally liable for the payment of "water rentals and penalties hereby imposed."

The narrow issue for review is whether the General Assembly has vested boroughs with the power to enact an ordinance that imposes personal liability on the owner of property for the failure of a tenant to satisfy his contractual obligation to the municipality to pay for water services. If the borough does have the statutory authority to adopt this type of ordinance, this court must consider whether the borough ordinance violates the state or federal Constitutions.

The Skupiens, owners and lessors of mobile homes in the borough, initiated the declaratory judgment action, asserting that the borough has no statutory authority to adopt the ordinance and that the ordinance is unconstitutional because it unreasonably makes an owner leasing property personally liable for water service provided to tenants under a contract for service between the tenant and the borough water system. The Skupiens allege in their complaint that they have had difficulty obtaining new tenants because the borough has refused to provide water service for new tenants until the Skupiens pay the water bill for the former tenants who failed to pay for water service.

The borough's preliminary objections assert the right of the borough's water authority to hold the owner of property liable for a tenant's unpaid water service. In the alternative, the borough requests that the Skupiens submit a more specific pleading.

1.

Our review must begin with an examination of the powers the legislature has vested in municipalities to collect payments for water services. The borough points to two sources.

Section 4 of the Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. § 7107 provides municipalities with the power to enter liens against property for which water service has been rendered. Of course, a lien against property constitutes an action in rem, and therefore, does not authorize direct personal liability.

The borough also suggests that section 1202 of The Borough Code, Act of February 1, 1966, P.L. (1965), *as amended*, 53 P.S. § 46202 vests municipalities with broad powers to regulate the collection of unpaid water bills.

That provision states, in pertinent part:

The powers of the borough shall be vested in the corporate authorities. Among the specific powers of the borough shall be the following, and in the exercise of any such powers involving the enactment of any ordinance or the making of any regulation, restriction or prohibition, the borough may provide for the enforcement thereof and may prescribe penalties for the violation thereof or for the failure to conform thereto:

. . . .

Regulation of charges in the operation of its utilities, parking meters, parking lots, recreational facilities or its facilities and services to the public. In the operation of its utilities, parking meters, parking lots, and other facilities and services, to make and regulate charges therefor for general borough purposes in relief of taxes on real estate.

This court concludes that section 1202's grant of regulatory power, and the broad grant of enforcement powers that this section also provides, gives the municipality the power to adopt an ordinance that provides for the collection of payment for utility services rendered to a property.

The borough also relies on *Ransom v. Marrazzo*, 848 F.2d 398 (3rd Cir.1988). In that decision, the federal court of appeals upheld an ordinance of the City of Philadelphia that permitted the city to refuse to provide service to residents if the city had placed an encumbrance on the property because a former occupant had failed to pay for water service.

*Ransom* involved an additional factor not present in this case—the city had refused new service to a tenant because a previous tenant had failed to make payment. As quoted in the borough's brief, the *Ransom* court noted that the

city's shutoff remedy and lien remedy was proper because those remedies do not "impose unconditional personal liability, but rather, [affect] the property, merely making payment of delinquencies a condition of continuation of service . . . . ." 848 F.2d at 408. Gallitzin's ordinance is distinguishable because, as noted above, the ordinance does not provide for a lien, but rather for personal liability.

Although neither of the parties, nor the trial court cited section 1 of the Act of April 17, 1929, P.L. 229, *as amended,* 53 P.S. § 7251, that provision is relevant because it provides municipalities with another method of seeking payment of water bills. That section gives municipalities the right to proceed in assumpsit against "the owner or owners of the property at the time . . . the water or sewer rates . . . became payable . . . ." *See McArther v. City of Philadelphia Tax Review Board,* 116 Pa.Commonwealth Ct. 139, 541 A.2d 415 (1988). In enacting that section, the legislature vested municipalities with the right to pursue the owners of property, and did not carve out an exception to that right where the payment at issue is for a tenant's water service. Thus, the borough's ordinance here does no more than the state law allows.

2.

Having determined that there is statutory authority that allows municipalities to pursue an owner for a tenant's delinquent water payments, we must consider whether the ordinance violates the Constitution's Due Process or Equal Protection clauses.

At the outset, we note that the Skupiens' brief essentially asserts only that the ordinance violates constitutional provisions without discussing those contentions or referring to supporting case law.

As the trial court pointed out, the practical effect of filing a lien against property is similar to making an owner personally liable, because once a lien is perfected, the record owner of property must satisfy the debt.

Property owners cannot claim that either method of recouping delinquent water payments operates unfairly. The borough properly adopted the ordinance; therefore, the Skupiens cannot argue that there was a lack of notice. Also, property owners are not precluded from entering into leases with rents which reflect the anticipated cost of water service. Thus, the ordinance does not place on owners an onerous burden of being personally liable to the borough without recourse.

The Skupiens point to a law annotation which indicates that ordinances which impose liability on property owners, in the absence of a lien, have usually been held invalid. Annot., 19 A.L.R.3d 1227 (1968). Although certain decisions to which the article refers support that proposition, others cited have upheld the validity of similar ordinances.

For example, a court in Minnesota upheld an ordinance that imposed liability on a property owner because of the theory underlying the ordinance—that the obligation on the part of the owner rested on a contract implied by the fact that he connected his property to the water system, and permitted the lessee to use the system, and that making the owner personally liable was as reasonable as placing a lien on the property. *East Grand Forks v. Luck*, 97 Minn. 373, 107 N.W. 393 (1906), *see also Maryville v. Cushman*, 363 Mo. 87, 249 S.W.2d 347 (1952).

The Skupiens' brief also contends that the ordinance violates the Equal Protection Clause. However, as indicated above, their brief contains no discussion of this challenge. Unless legislation involves a fundamental right or a suspect or quasi-suspect group, courts will uphold legislation if there is some rational basis supporting the enactment.

Even if we apply an intermediate level of review, which requires that legislation have a substantial relationship to the asserted governmental interest, the ordinance does not violate the Equal Protection Clause. The borough has a substantial interest in obtaining payment for water bills. Although requiring tenants to pay a deposit as a prerequi-

site for water service might defray some losses a municipality sustains because of a tenant's delinquencies, when substantial sums are involved, the borough may not be able to recover all of the debt. Because the owner of property is the person who determines the terms of a lease and selects the lessee, a municipality's decision to make the owner ultimately responsible for the debts of the tenant, selected by the owner, is not unreasonable, and substantially furthers the borough's legitimate interest.

## ORDER

Now, July 19, 1990, the decision of the Court of Common Pleas of Cambria County, dated August 1, 1989, at No. 1987–3097, sustaining the Borough of Gallitzin's preliminary objections, is affirmed.