SCHWARTZ, Chief Judge.
Directly contrary to the judgment below, which dismissed with prejudice the plaintiff-appellant’s complaint for declaratory relief and to quiet title, we conclude as a matter of law that the defendant city was not entitled to a lien on the appellant’s realty for water and sewer services provided to his tenants.
The facts underlying the controversy are wholly undisputed. In the late 1980s, the City of Miami Beach specifically agreed to provide water and sewer services to two of Berke’s tenants at property he owned. After it had done so, and the lessees had departed without paying the bills, the city, acting pursuant to its own ordinances,[1] filed liens for those services against Berke’s fee interest in the realty. He filed an action to discharge the liens essentially on the ground that they were proscribed by section 180.135, Florida Statutes (1987), which provided:[2]
*109 180.135 Utility services; refusal or discontinuance of services for nonpayment of service charges by former occupant of rental unit prohibited; unpaid service charges of former occupant not to be basis for lien against rental property, exception. — Any other provision of law to the contrary notwithstanding, no municipality may refuse services or discontinue utility, water, or sewer services to the owner of any rental unit or to a tenant or prospective tenant of such rental unit for non-payment of service charges incurred by a former occupant of the rental unit; and any such unpaid service charges incurred by a former occupant will not be the basis for any lien against the rental property except to the extent that the present tenant or owner has benefitted directly from the service provided to the former occupant. This section applies only when the former occupant of the rental unit contracted for such services with the municipality.
In our view, an application of the terms of the statute to the present circumstances clearly demonstrates that Berke’s position was correct.
In no uncertain terms, section 180.135 forbids the imposition of a lien against rental property for unpaid service charges when the “former occupant,” that is the previous lessee, has contracted for those services directly with the municipality. That admittedly occurred here. Moreover, we reject the city’s claim that the case may fall under the exception to the statute which arises when the “owner has benefited from the service provided to the former occupant.” Obviously, there is no direct benefit to the landlord when, as here, the services in question are provided only to the tenant. To hold as the city suggests, that a landlord is always “directly benefited” by utilities supplied to a tenant, is not only contrary to a common sense reading of the words, but, since it would apply to every lessor-lessee relationship, would leave no situation to which the “no lien” portion of the statute could be applied and thus render it totally nugatory. We cannot accept such a construction. Department of Legal Affairs v. Rogers, 329 So.2d 257 (Fla.1976); 49 Fla.Jur.2d Statutes § 178 (1984).
The city argues that this holding would unduly interfere with its interests in securing payment for its utility services. Since the city could have protected itself, for example, by declining to contract directly with the tenants and thus preserve its lien rights, by requiring a deposit or other security from the tenants if it did contract with them, or by monitoring any excessive charges incurred, we do not agree. But it is irrelevant whether we do so or not. We simply have no power to decline to enforce, for whatever reason, the clear terms of a dispositive statutory provision. 49 Fla. Jur.2d Statutes § 110. Because of the requirements of section 180.135, Florida Statutes (1987), the judgment below is reversed and the cause remanded to enter judgment for the plaintiff.[3]
Reversed and remanded.

. For example, Section 14A-11, Miami Beach City Code (1984) provides without qualification that:
All service charges becoming due and payable on and after the effective date of this chapter shall constitute, and are hereby imposed, as liens against the real property aforesaid, and, until fully paid and discharged, shall remain liens equally in rank and dignity with liens acquired by virtue of the city charter.
As applied to a case like this, a lien imposed under this ordinance is contrary to § 180.135, Fla.Stat. (1987) and is thus invalid. See Rinzler v. Carson, 262 So.2d 661 (Fla.1972).

. Amendments to the statute, see Chs. 89-272, 88-332, Laws of Fla., enacted after the events in *109 issue here, did not materially alter this provision. See § 180.135, Fla.Stat. (1989).

. We agree that the plaintiff's claim for attorney’s fees under § 57.105, Fla.Stat. (1989) was properly stricken below.