**Raymond SLEDGE, Appellant,**

v.

**BOROUGH OF HOMESTEAD, Mary Flagg, Individually & Code Enforcement Officer, George Gobel, Individually & Boro of Homestead Solicitor, National Recovery Corporation, Frederick Firsching, Individually & President NCR, James Apple, Individually & Esquire, Apple and Apple, PC.**

Commonwealth Court of Pennsylvania.

Submitted May 10, 1996.

Decided June 20, 1996.

---

**1328**

Raymond Sledge, Pro Se, Appellant.

Joel E. Hausman, for Appellees, Apple & Apple, PC and James Apple.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Raymond Sledge (Appellant), acting pro se, appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which sustained Borough of Home-

stead, Mary Flagg, Individually and Code Enforcement Officer's et al. preliminary objections and dismissed Appellant's complaint. We affirm.

On July 31, 1995, Appellant filed a complaint in the trial court against the Borough of Homestead, its Code Enforcement Officer, its Solicitor and four other parties (Appellees). This complaint seemingly alleged that Appellees illegally placed a lien on Appellant's property because of his tenants' failure to pay sewage bills. Appellees filed preliminary objections which were sustained by the trial court on November 16, 1995.

■ On appeal before this Court,[1] Appellant lists eight issues/questions which are nothing more than statements of fact coupled with subjective averments pertaining to Appellees' alleged actions toward Appellant. As a result, we are unable to discern a cogent argument or ascertain exactly what errors Appellant believes the trial court committed. Nevertheless, we are able to glean from the record below and the trial court's opinion the essence of Appellant's main objection, which is, that Appellees, primarily the Borough of Homestead, cannot legally issue a lien on Appellant's property if his tenants fail to pay for the sewage and water bills.

This Court has held that municipalities have the power to lawfully impose personal liability on the owner of property for the failure of the owner's tenant to satisfy contractual obligations to municipalities to pay for water services. *Skupien v. Borough of Gallitzin*, 134 Pa.Cmwlth. 115, 578 A.2d 577 (1990).

■ The Borough of Homestead can legally place a lien upon Appellant's property for his tenants' failure to pay for water and sewage bills. Therefore, based upon the facts alleged in this case, there is no legal basis upon which Appellant can recover. As a result, we hold that the trial court did not commit error in sustaining Appellees' prelim-

---

1. Our scope of review concerning preliminary objections in the nature of a demurrer is to determine whether on the facts alleged the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993). Further, this Court must accept as true all well pled allegations and material facts averred in the complaint as well as inferences reasonably deduced therefrom and any doubt should be resolved in favor of overruling the demurrer. *Id.*

inary objections and dismissing Appellant's complaint.

Accordingly, we affirm.

### ORDER

AND NOW, this 20th day of June, 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.