The Honorable Steve Higginbothom State Senator Post Office Box 242 Marianna, Arkansas 72360
Dear Senator Higginbothom:
I am writing in response to your request for an opinion "on the legality of the Palestine Municipal Water Department holding the home owner of rental property responsible for a delinquent water bill of a former tenant." You state that the "utility deposit and the account were never in the name of the owner of the property during the delinquency period." You also state that: "[t]he delinquency occurred over several months without any notice given to the owner of the property. Only after removal of the tenant and a request for reconnection was the owner told of the delinquency and required to make full restitution for the past due account."
RESPONSE
It is my opinion that the action you describe is in all likelihood unlawful absent a state statute authorizing the imposition of such liability or authorizing a lien on the property for the payment of the charges in question.
You have not indicated whether the action of the Palestine Water Department is based upon a city ordinance, or whether it is simply an action or practice of the Water Department. Reference to the exact ordinance or authority under which this action is taken would be necessary for a full legal analysis. In addition, your recitation of the facts suggests that the landlord has in no way expressly consented to be responsible for the charges incurred by the tenant. I can set out the general law surrounding this issue, which may be of help in analyzing the situation in Palestine, but will note that a full understanding of the facts and circumstances in Palestine and in other cities facing the same issue would be necessary to determine the matter in any given instance.
My research does not disclose any state statute addressing the charging of water rates incurred by delinquent tenants to their landlords. Municipalities are authorized to fix the rates for resident and nonresident consumers of municipal water systems. See A.C.A. §14-234-214(a) (Repl. 1998). The rates must be adequate to pay certain costs and expenses of the system. See A.C.A. § 14-234-214(b). See also
A.C.A. § 14-234-306 (granting expansive powers to waterworks commissions created in cities of the first and second class). No mention is made in these statutes of the particular parties who are liable for the rates incurred at a given premises.
The statutes of Arkansas appear to be silent, therefore, on this exact question.[1] In addition, the Arkansas Public Service Commission does not exercise regulatory authority over the provision of water by municipalities. A.C.A. § 23-1-101(9)(A)(ii) (Repl. 2002).[2]
In an absence of legislative or regulatory guidance on the question, the general power of cities to adopt such measures becomes relevant. As stated by the Arkansas Supreme Court:
 [Cities] have no inherent powers and can exercise only (1) those expressly given them by the state through the constitution or by legislative grant, (2) those necessarily implied for the purposes of, or incident to, these express powers and (3) those indispensable (not merely convenient) to their objects and purposes.
Cosgrove v. City of West Memphis, 327 Ark. 324, 326, 938 S.W.2d 827
(1997), citing City of Little Rock v. Raines, 241 Ark. 1071, 1078,411 S.W.2d 486, 491 (1967); Brooks v. City of Benton, 308 Ark. 571,826 S.W.2d 259 (1992); and City of Fordyce v. Vaughn, 300 Ark. 554,781 S.W.2d 6 (1989). Additionally, the court has stated that: "[f]urthermore, `any substantial doubt about the existence of a power in a municipal corporation must be resolved against it.'" Id., quoting Cityof Little Rock v. Cash, 277 Ark. 494, 501, 644 S.W.2d 229, 231 (1982),cert. denied, 462 U.S. 1111 (1983).[3]
The question then becomes whether, under this standard, the City of Palestine has power to adopt an ordinance or implement a practice of requiring landlords to be responsible for the delinquent bills of tenants. It is my opinion that it in all likelihood does not have this power.
I have not found any Arkansas case law addressing this precise question. In my opinion, however, the power to charge landlords with the delinquent bills of tenants cannot be said to be "necessarily implied" or "indispensable" to the power to set and collect water rates from the "consumers" thereof. See again, A.C.A. § 14-234-214(a) (authorizing municipalities to fix water rates for resident and nonresident "consumers" of a municipal waterworks system). Neither in my opinion can the broad powers granted waterworks commissions at A.C.A. § 14-234-306 be said to encompass this power. It has been held that "[p]owers assumed by a city merely for convenience do not qualify as indispensable or implied powers. Burke v. Elmore, 341 Ark. 129, 14 S.W.3d 872 (2000), citingArkansas Utilities Co. v. City of Paragould, 200 Ark. 1051, 143 S.W.2d 11
(1940).
Although there is no Arkansas case law on point, there is a great deal of case law from other jurisdictions addressing questions similar to the one you pose. The Arkansas Supreme Court has stated that it is appropriate to look to the decisions of sister states when presented with novel questions. Williams v. State, 338 Ark. 97, 991 S.W.2d 565 (1999);Rockefeller v. Rockefeller, 335 Ark. 145, 980 S.W.2d 255 (1998); Stephensv. State, 320 Ark. 426, 898 S.W.2d 435 (1995); W.M. Bashlin Co. v.Smith, 277 Ark. 406, 643 S.W.2d 526 (1982); Williamson v. Williamson,212 Ark. 12, 204 S.W.2d 785 (1947); and Birchett v. Tuf-Nut GarmentManufacturing Company, 205 Ark. 483, 169 S.W.2d 574 (1943).
The effect of cases from other jurisdictions has been summarized as follows:
 Municipalities and public utility companies have frequently sought reimbursement of unpaid charges for utilities from the property served itself, or someone connected with the property, such as an occupant or owner, other than the one who incurred the charges. The conventional rule has been that liability for the debt of another cannot be imposed in the absence of special agreement or statutory authorization for a lien on the property, and ordinances or regulations seeking to impose such liability have usually been held unreasonable in the absence of an authorized lien. In numerous cases the courts have recognized that in the absence of a lien authorized by statute or special agreement, there can be no imposition of liability, for utility charges incurred, upon one other than the user or one who contracted for the supply.
"Liability of Premises, or Their Owner or Occupant, For Electricity,Gas, or Water Charges, Irrespective of Who is the User," 19 A.L.R.3rd
1227 (1968), § II (3)(a).
A few cases illustrative of this general rule with facts most similar to those you present are: La Nasa v. Sewerage Water Board of NewOrleans, 184 So.2d 622 (La. 1966) (city water board, which had no contract with owner of premises or with the present tenants thereof respecting the supplying of water to former tenant, did not possess legal right to refuse water service to owner or present tenants until either of them paid balance of delinquent bill incurred by former tenant); City ofOnawa v. Mona Motor Oil Company, 217 Iowa 1042, 252 N.W. 544 (1934) (city lacked power to adopt ordinance making landlords personally liable for delinquent electric bills of tenant where no lien was involved and no statute gave the city this power); and Mordaunt Etheredge v. City ofNorfolk, 148 Va. 795, 139 S.E. 508 (1927) (city lacked power to pass ordinance making owner of property liable for water bills of tenants in the absence of authorized lien or statutory authority).
In the last-cited case, Mordaunt Etheredge v. City of Norfolk, supra, the Supreme Court of Virginia stated that: "The authorities are also practically unanimous that the regulation of a water company or ordinance of a municipality which requires the property owner to pay a delinquent bill for water furnished the tenant of the premises, which the owner has not contracted to pay, is unreasonable and void, unless a lien is given on the premises by statute, or there is at least some statutory authority therefore by virtue of the charter, or otherwise." Id. at 510.
In cases upholding imposition by a city of utility bills against a landlord for charges incurred by a tenant, almost invariably, state law or a valid city charter provision authorized a lien against the property to enforce the charges. See e.g., Dunbar v. City of New York,251 U.S. 516 (1920); Mansfield Apartment Owners Association v. City ofMansfield, 988 F.2d 1469 (6th Cir. 1993); Ransom v. Marrazzo, 848 F.2d 398
(3rd Cir. 1988); Chatham v. Jackson, 613 F.2d 73 (5th Cir. 1980);Sherwood Court v. Borough of South River and South River Electric Company,294 N.J. Super. 472, 683 A.2d 839 (1996); Sledge v. Borough of Homestead,677 A.2d 1327 (Pa. 1996); Skupien v. Borough of Gallitzin,134 Pa. Cmwlth. 115, 578 A.2d 577 (1990); Williams v. City of IndianapolisDepartment of Public Works, 558 N.E.2d 884 (1990); and Cookv. City of Enterprise, 233 Kan. 1039, 666 P.2d 1197
(1983).[4]
In some decisions, courts have recognized that state statutes prohibited the imposition of liability on landlords for utility bills incurred by tenants. See e.g., Public Service Commission v. Town of Fayetteville,212 W. Va. 427, 575 S.E.2d 338 (2002) (citing West Virginia Code §8-20-10(c); and Berke v. City of Miami Beach, 568 So.2d 108 (Fla. 1990) (citing Florida Statutes § 180.135).
Again there is no state law addressing the question in Arkansas. Absent any state law authorizing cities to impose a tenant's delinquent water charges on a landlord, I cannot conclude that this power falls within the "necessarily implied" or "indispensable" powers of the City of Palestine. Two other factors support this lack of municipal authority. First, there is apparently no law in Arkansas allowing the imposition of a lien on property to secure the payments of water charges. A city's power to impose a lien on property to secure the payment of municipal charges has historically required authorization by the General Assembly.See e.g., A.C.A. § 8-6-211(b)(2)(A) and (b)(3)(B) (Supp. 2003) (authorizing collection of municipal solid waste fees with personal property taxes and authorizing a lien on the real and personal property of the taxpayer for unpaid charges). Second, the General Assembly's most recent action in the area of delinquent water fee collection is evidenced by Act 769 of 2003, codified at A.C.A. § 14-234-601 to — 604 (Supp. 2003). See footnote 1, supra. This Act authorizes the denial of new water service to persons who move from one area of the state to another and are delinquent on the payment of an "undisputed bill" from the prior location. A.C.A. § 14-234-603. This statute evidences an enhanced enforcement effort to collect delinquent water bills from the consumers thereof. It does not evidence any legislative intention to impose delinquent water charges on the owner of the property at which they were incurred.
For all the foregoing reasons, it is my opinion that the answer to your question is generally "no," the City of Palestine may not "hold the home owner of rental property responsible for a delinquent water bill of a former tenant." Again, however, I have not reviewed any actual ordinance or policy of the City of Palestine in this regard. Access to that information may be necessary for a conclusive resolution of the question.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] The General Assembly, in its last regular session, however, passed a law which requires the denial of new water service to persons who move from one area of the state to another and are delinquent on the payment of an "undisputed" bill from the prior location. See A.C.A. § 14-234-601
to — 604 (Supp. 2003). This statutory scheme does not attempt to impose liability for delinquent water bills on a person other than the consumer thereof, but, rather, seeks to follow the delinquent user to a new residence to enforce the payment of the charges.
[2] Although the "General Service Rules" of the Public Service Commission define and address "landlord[s]" in relation to the provision of utility services, the Rules appear only to apply and regulate landlords who receive rent which includes amounts for utility services.See General Service Rules, "Definitions." See also §§ 5.21(restricting the transfer of past due balances from closed accounts to other accounts); 6.19 (regarding identification of accounts where service is provided at an address different from the mailing address on the bill); and 6.19 (C) (prohibiting a utility from recovering from a tenant or conditioning service to a tenant on the payment of any amounts owed by the landlord).
[3] The Arkansas Supreme Court has continually characterized the powers of cities in this fashion, even after the adoption of Act 266 of 1971
giving cities of the first class "full legislative power" over "municipal affairs." See A.C.A. § 14-43-602. In any event, the City of Palestine, according to my understanding, is a city of the second class. Consequently, consideration of A.C.A. § 14-43-602 is not necessary in order to respond to your request.
[4] Where a valid lien exists, challenges to the collection process alleging a violation of substantive due process have been denied. Seee.g., Dunbar v. City of New York, supra; Mansfield Apartment OwnersAssociation v. City of Mansfield, supra; Ransom v. Marrazzo, supra; andChatham v. Jackson, supra. With regard to procedural due process, one federal court has held that procedural due process is not violated by city regulations making landlords liable for delinquent water bills of tenants, at least where adequate procedural safeguards, including notice, are in place to prevent an erroneous deprivation of property).Mansfield Apartment Owners Association v. City of Mansfield, supra. Seealso Memphis Light, Gas Water Division v. Craft, 436 U.S. 1 (1978) (expectation of utility service included in category of property interests protected by due process clause).